# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| REBECCA THOMAS § | |
| § | |
| v. § | Civil Action No. 4:18-CV-00063 |
| § | Judge Mazzant |
| CHAD CADA, DOUGLAS RITTER, § | |
| JOSHUA JOHNSON, CORY SMITH, § | |
| SCOTT OTTO, and OFFICER KEENAN § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Rebecca Thomas's Motion for Leave to File Amended Complaint (Dkt. #29) and Defendants Chad Cada ("Cada"), Doug Ritter ("Ritter"), and Joshua Johnson's ("Johnson") Motion to Dismiss (Dkt. #16). After reviewing the relevant pleadings and motions, the Court finds that Plaintiff's motion for leave should be granted and Defendants' motion to dismiss should be denied as moot.

## BACKGROUND

On January 24, 2018, Plaintiff initiated suit against Defendants alleging claims of illegal entry and seizure, false arrest and imprisonment, in violation of the Fourth and Fourteenth Amendments, assault, and intentional infliction of emotional distress (Dkt. #1). On March 5, 2018, Defendants Cada, Ritter, and Johnson filed their Motion to Dismiss (Dkt. #16).[1] On May 25, 2018, Plaintiff filed her Motion for Leave to File Amended Complaint (Dkt. #29). On May 9, 2018, Defendants Otto and Smith filed their response (Dkt. #34). That same day, Defendants Cada,

---

[1] On March 5, 2018, Defendants Scott Otto ("Otto") and Cory Smith ("Smith") each filed an answer, which included motions to dismiss (Dkt. #14; Dkt. #15). Because Otto and Smith did not file their motions in compliance with the Local Rules, the Court declines to address them.

Ritter, and Johnson also filed their response (Dkt. #36). On May 15, 2018, Plaintiff filed her reply (Dkt. #37). On May 22, 2018, Defendants Otto and Smith filed their sur-reply (Dkt. #38) and Defendants Cada, Ritter, and Johnson filed their sur-reply (Dkt. #39).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

After reviewing Plaintiff's motion for leave, the responses, reply, and sur-replies, the Court finds that granting leave is appropriate in this case. As a result, the Court finds that Defendants' motion to dismiss is now moot.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #29) is hereby **GRANTED**. As a result, Plaintiff's Amended Complaint (Dkt. #31) is deemed filed as of April 25, 2018.

It is further **ORDERED** that Defendants Cada, Ritter, and Johnson's Motion to Dismiss (Dkt. #16) is hereby **DENIED as moot**.

**SIGNED this 25th day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE